IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VIRCO MFG. CORPORATION, <br> A Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> MOORECO, INC. a Texas corporation, <br><br> Defendant. | § <br> § <br> § <br> § <br> § Civil Action No. 6:19-cv-00637 <br> § <br> § **JURY TRIAL DEMANDED** <br> § <br> § <br> § |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Virco Mfg. Corporation ("Virco" or "Plaintiff") hereby complains of MooreCo, Inc. ("MooreCo" or "Defendant") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement based upon the table top design protected by U.S. Design Patent No. D776,473.

2. Defendant manufactures and sells knock-off table tops to customers, distributors, and resellers in place of the patented products designed, manufactured, and sold by Virco.

3. As a result of Defendant's unlawful infringement, Defendant has been wrongfully enriched, and Virco has been injured through loss of sales and good will, and seeks injunctive and monetary remedies under the federal patent statutes, 35 U.S.C. §§ 284, 285, and 289.

## THE PARTIES

4. Plaintiff Virco is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 2027 Harpers Way, Torrance, California 90501.

5. Upon information and belief, Defendant MooreCo is a corporation organized and existing under the laws of the State of Texas, having its principal place of business at 2885 Lorraine Avenue, Temple, Texas 76501.  Defendant can be served by serving its registered agent CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136 or wherever else an officer of Defendant may be found.

## JURISDICTION AND VENUE

6. Jurisdiction and venue are proper over Defendant in this district for the reasons set forth in this Complaint.

7. This Court has original subject matter jurisdiction over the claim in this action pursuant to, at least, 35 U.S.C. §§ 271 and 281, as this claim arises under the laws of the United States.

8. This Court has personal jurisdiction over Defendant because Defendant has a regular and established place of business located at 2885 Lorraine Avenue, Temple, Texas 76501 within this judicial district. Further, Defendant has a continuous, systematic, and substantial presence within this judicial district, including by selling and/or offering for sale infringing products in this judicial district, and by committing acts of patent infringement in this judicial district, including but not limited to selling and offering for sale infringing furniture directly to customers and consumers in this district, and selling such products into the stream of commerce knowing such products would be sold in this state and this district, which acts form a substantial part of the events giving rise to Virco's claim.

9. Accordingly, venue is proper in this judicial district under 28 U.S.C. § 1400(b) because Defendant is a company organized and existing under the laws of the State of Texas and has its principal place of business located within this district, because Defendant has committed

acts of infringement by selling and/or offering for sale infringing products that infringe Virco's patent in this judicial district, and because Defendant has a regular and established place of business in this district.

## FACTUAL BACKGROUND

10. Virco repeats, re-alleges, and incorporates herein by reference, the allegations stated in paragraphs 1–9 of this Complaint as if set forth fully herein.

11. Virco has been actively engaged in the manufacture and sale of high quality school furniture since 1950. Through the years, Virco has expanded to become the leading manufacturer and distributor of school furniture for grades K–12 in the United States.

12. Virco has invested considerable resources in the design of its furniture. One of its innovative designs is its Molecule Desk series ("Molecule Desks"), which has received positive publicity and industry recognition since Virco first introduced it.

13. On January 17, 2017, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D776,473 (the "D473 Patent"), entitled "Table Top."  Virco is the owner by assignment of all right, title, and interest in the D473 Patent.  A true and correct copy of the D473 Patent is attached hereto as Exhibit 1.

14. Defendant makes, uses, sells, offers for sale and/or imports furniture products that infringe Virco's intellectual property rights literally and/or under the doctrine of equivalents. Examples of such furniture products include the Harmony Desk series ("Harmony Desks"). The product listing for one example is shown in Exhibit 2.

15. Defendant has been selling the Harmony Desks since at least June 23, 2017, as shown in Exhibit 3.

16. Defendant's infringement of the D473 patent was willful, intentional, and knowing. Defendant has been aware of the D473 patent since at least August 30, 2019. On that date, Virco sent Defendant a cease and desist letter identifying and providing the D473 Patent. In its letter, Virco identified Defendant's Harmony Desks as infringing the D473 Patent. Despite receiving the cease and desist letter, Defendant has refused to stop infringing the D473 Patent.

## CAUSES OF ACTION

### A. Patent Infringement - 35 U.S.C. § 271

17. Virco repeats, re-alleges, and incorporates herein by reference, the allegations stated in paragraphs 1–16 of this Complaint as if set forth fully herein.

18. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq.

19. Virco is the owner by assignment of the D473 Patent with sole rights to enforce the D473 Patent and sue infringers.

20. The D473 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the U.S. Code.

21. Defendant, through its agents, employees and/or servants, has and continues to knowingly, intentionally, and willfully infringe the D473 Patent by making, using, selling offering for sale, and/or importing furniture having a design that would appear to an ordinary observer to be substantially similar to the claim of the D473 Patent, for example, Defendant's Harmony Desks, as shown below.



| Harmony Desk | FIG. 12 from the D473 Patent |

22. Defendant has infringed the D473 Patent without permission or license from Virco, and continues to infringe the D473 Patent in violation of 35 U.S.C. § 271.

23. Upon information and belief, Defendant's infringement of the D473 Patent is and has been willful, deliberate, and intentional by committing these acts of infringement with knowledge and/or constructive knowledge of the D473 Patent and, thus, acting in reckless disregard of Virco's patent rights. Defendant's actions constitute willful and intentional infringement of the D473 Patent. Moreover, MooreCo willfully and intentionally continues sales of its Harmony desks in spite of Virco's August 30, 2019 cease and desist letter indicating to MooreCo that the sales of the Harmony desks constitute infringement.

24. Further, Virco's Molecule Desks and its iconic design are well known throughout the desk industry, and Defendant's Harmony Desks are a nearly identical copy of Virco's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions

would constitute infringement of the D473 Patent. Defendant's acts of infringement of the D473 Patent were not consistent with the standards of commerce for its industry.

25. As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to Virco.

26. Pursuant to 35 U.S.C. § 284, Virco is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

27. Pursuant to 35 U.S.C. § 285, Virco is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

28. Pursuant to 35 U.S.C. § 289, Virco is entitled to total profits from Defendant's infringement of the D473 Patent.

29. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

30. Due to the aforesaid infringing acts performed by Defendant constituting patent infringement, Virco has suffered, and continues to suffer, great and irreparable injury, for which Virco has no adequate remedy at law.  On information and belief, Defendant's ongoing sales create a possibility of confusion among consumers and users regarding the source of the products, causing irreparable damage to Virco's reputation, which reputation includes providing products meeting Virco's high standards of quality and safety in educational environments.

31. Defendant will continue to infringe Virco's patent rights to the great and irreparable harm and monetary damage to Virco, and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

## JURY DEMAND

32. Virco repeats, re-alleges, and incorporates herein by reference, the allegations stated in paragraphs 1–31 of this Complaint as if set forth fully herein.

33. Virco hereby demands a trial by jury on all issues raised in Virco's Complaint that are so triable.

## PRAYER FOR RELIEF

WHEREFORE, Virco prays for judgment in its favor and against Defendant MooreCo, including, but not limited to, the following relief:

A. An Order adjudging Defendant to have infringed, and willfully infringed, the D473 Patent under 35 U.S.C. § 271;

B. A preliminary and permanent injunction enjoining Defendant, its respective officers, directors, agents, servants, employees, customers, and attorneys, and those persons in active concert or participation with Defendant, from infringing the D473 Patent in violation of 35 U.S.C. § 271, including, for example through the manufacture, use, sale, offer for sale, and/or importation into the United States of Defendant's Harmony Desks, and any products that are not colorably different from the Harmony Desks;

C. An Order requiring Defendant to account for all gains, profits, and advantages derived through Defendant's infringement of the D473 Patent in violation of 35 U.S.C. § 271, and requiring Defendant to pay to Virco all damages suffered by Virco of at least a reasonable royalty and/or Defendant's total profit from such infringement pursuant to 35 U.S.C. §§ 284 and 289;

D. An Order adjudging that this is an exceptional case;

E. An Order for a trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284;

  F. An award to Virco of the attorneys' fees, expenses, and costs incurred by Virco in connection with this action pursuant to 35 U.S.C. § 285;

  G. An award of pre-judgment and post-judgment interest against Defendant; and

  H. Such other and further relief as this Court may deem just and proper.

October 31, 2019      Respectfully submitted,

        **KANE RUSSELL COLEMAN LOGAN PC**

        */s/ Bruce Morris*
        Bruce C. Morris
        Texas State Bar No. 14469850
        bmorris@krcl.com
        5051 Westheimer Road, 10th Floor
        Houston, TX 77056
        Telephone: (713) 425-7450
        Facsimile: (713) 425-7700

        Michael A. Logan
        Texas State Bar. No. 12497500
        mlogan@krcl.com
        John R. Sigety
        Texas State Bar No. 24083853
        jsigety@krcl.com
        901 Main Street, Suite 5200
        Dallas, Texas 75202
        Telephone: (214) 777-4200
        Facsimile: (214) 777-4299

        **ATTORNEYS-IN-CHARGE**
        **FOR PLAINTIFF VIRCO MFG. CORPORATION**

**OF COUNSEL:**

Michael K. Friedland*
Lauren Keller Katzenellenbogen*
David M. Cohen*
KNOBBE, MARTENS, OLSON & BEAR LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone:  (949) 760-0404
Facsimile:  (949) 760-9502
Michael.Friedland@knobbe.com
Lauren.Katzenellenbogen@knobbe.com
David.Cohen@knobbe.com
Litigation@kmob.com

* - *Pro Hac Vice* motions to be filed with the Court.